UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORIS TYWANNA GRAHAM,

    Petitioner,                            Miscellaneous Case No.
                                         13-MC-50371

vs.

                                         HON. MARK A. GOLDSMITH

UNITED STATES OF AMERICA,

    Respondent.
_____/

**OPINION AND ORDER DENYING FOR LACK OF JURISDICTION PETITIONER'S PETITION FOR EXPUNGEMENT**

      This matter is presently before the Court on Petitioner Doris Tywanna Graham's petition for expungement. The relevant background is straightforward. On June 1999, Petitioner was charged in a criminal complaint with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371. See United States v. Graham, No. 99-50054 (E.D. Mich.) (Dkt. 1). Following Petitioner's arrest, the Government filed a motion requesting that the complaint against her be dismissed without prejudice, which was granted. Id. at Dkts. 29, 30.

      On March 3, 2012, Petitioner filed a petition requesting that the record of her 1999 arrest be expunged. Petitioner explains that she is currently pursuing a degree in a law enforcement program and that the record of her arrest "will hinder [her] from [her] future goals in law." Petitioner further explains that she was arrested – not because of any wrongdoing on her part – but because of the wrongdoing of her then-boyfriend with whom she was residing at the time. Petitioner states that she was released an hour after she was arrested and never heard anything about the case after that.

Petitioner's attempt to rid her record of the 1999 arrest is certainly understandable, and the Court is sympathetic to Petitioner's plight that the arrest record may adversely impact on her decision to pursue a career in law enforcement. If the Court could expunge the arrest record, it would. Unfortunately, the Sixth Circuit has held that federal courts lack ancillary jurisdiction over expungement requests that are based solely on equitable grounds. See United States v. Lucido, 612 F.3d 871 (6th Cir. 2010). Because there is no statute authorizing expungement in the present circumstances, and because Petitioner has not shown that the arrest record is inaccurate, this Court regrettably has no authority under Lucido to grant Petitioner the relief she requests.[1] Accordingly, the Court must deny the petition for expungement.

SO ORDERED.

Dated: August 19, 2013　　　　　　　　　　　s/Mark A. Goldsmith
　　　Flint, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 19, 2013.

　　　　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　　　　　Case Manager

---

[1] While Lucido involved an expungement request following the defendant's acquittal of criminal charges, Lucido's holding that federal courts lack original authority over expungement requests following entry of the judgment of acquittal has been applied to cases, like the present one, where the criminal charges were dismissed. See Stringer v. United States, No. 11-14671, 2012 WL 5471137, at *2 (E.D. Mich. Nov. 9, 2012); United States v. Minisee, No. 07-CR-162, 2010 WL 5872427, at *1 (W.D. Mich. Aug. 23, 2010).